UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BROWN BARK, III, L.P.,

    Plaintiffs,

v.                                            Case No. 08-14509-DT

ONE MANAGEMENT INC. and JERRY WATHA,

    Defendants.
                                         /

**OPINION AND ORDER GRANTING IN PART AND DENYING IN PART
PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND CONVERTING
AUGUST 26, 2009 HEARING INTO A STATUS CONFERENCE**

Before the court is a motion for summary judgment filed by Plaintiff Brown Bark III, L.P. ("BBIII") on July 1, 2009. The motion has been fully briefed and the court concludes that a hearing is unnecessary. *See* E.D. Mich. LR 7.1(e)(2). For the reasons stated below, the court will grant the motion in part and deny it in part.

**I. BACKGROUND**

BBIII initiated this action on October 22, 2008, in a five-count complaint against Defendants One Management, Inc., and Jerry Watha. The complaint asserts claims for Breach of Contract-Against Borrower One Management (Count I), Breach of Contract-Against Guarantor Watha (Count II), Breach of Contract-Implied in Fact (Count III), Breach of Contract-Implied in Law (Count IV), and Promissory Estoppel (Count V).

The complaint alleges that this action arises from a banking relationship and course of dealing between Miami Valley Bank ("MVB") and One Management and Watha, whereby One Management obtained financing from MVB for the operation of

One Management's real estate business, and Watha guaranteed One Management's repayment obligations. (Compl. ¶ 5.) MVB was placed in receivership under the Federal Deposit Insurance Corporation ("FDIC"). (*Id.*) The FDIC, as receiver, became entitled to enforce Defendants' obligations to repay the financing One Management received from MVB, and otherwise under the contracts between Defendants and MVB. For valuable consideration, FDIC assigned its right, title, and interest in and to the loans and all related contracts to BBIII. By virtue of the foregoing, BBIII contends it now has the right to collect the loans and otherwise enforce Defendants' contracts. (*Id.*)

Specifically, the complaint asserts that MVB and One Management entered into an agreement whereby MVB loaned One Management funds for the purpose of purchasing and/or maintaining residential real estate properties in Wayne County, Michigan, which One Management acquired for investment purposes. (*Id.* ¶ 6.) One Management executed and delivered to MVB thirteen promissory notes (the "Notes") to evidence the terms of funding provided and One Management's repayment obligations. (*Id.*) To induce MVB to extend funding to One Management, Watha agreed to guaranty the obligation of One Management to MVB to repay funds loaned, including, but not limited to, the obligations imposed under the Notes. (*Id.* ¶ 7.) The complaint further alleges that Watha executed written guaranty agreements requiring him to personally repay each of the Notes and that MVB loaned funds and extended credit to One Management pursuant to the Notes. (*Id.* ¶¶ 7 & 8.)

BBIII alleges that the Notes have all matured, and immediate payment is due of all principal and interest owed under the Notes. The Notes also require One Management to pay the lender's costs of collection, including reasonable attorney fees.

(*Id.* ¶ 9.)  BBIII further alleges that One Management has defaulted on its obligations under the Notes by failing to pay them in full upon maturity.  (*Id.* ¶ 10.)

The FDIC as receiver for MVB assigned its rights under the Notes to BBIII.  (*Id.* ¶ 11.)  BBIII contends that as a consequence of One Management's default, BBIII is presently entitled to exercise all rights and remedies provided by law and the Notes to enforce One Management's and Watha's obligations to pay all amounts outstanding under the Notes and that One Management and Watha are liable to BBIII for all costs and expenses incurred in connection with the enforcement of the Notes, including reasonable attorney fees.  (*Id.* ¶¶ 12-13.)  BBIII has demanded that One Management and Watha pay all amounts outstanding under the Notes, but Defendants have failed to do so.  (*Id.* ¶ 14.)

Following discovery, BBIII brought the instant motion for summary judgment, asserting that there is no genuine issue of material fact, and BBIII is entitled to judgment as a matter of law in the amount of $679,878.68 against One Management and Watha, jointly and severally and $53,904.73 against only One Management.  BBIII contends these amounts are due under the thirteen relevant Notes, twelve of which were personally guaranteed by Watha.  (Pl.'s Mot. at 7.)   BBIII also asserts that it is entitled to interest accruing under the parties' contracts after June 16, 2009, costs and attorney fees of $16,279.31, and further costs and attorney fees that may accrue until judgment is paid in full.  (*Id.* at 1.)

In response, Defendants do not contest the existence of the Notes, or that a balance in some amount remains in default. (Defs.' Resp. at 4.)  Rather, Defendants assert that payments of $25,000 each were paid directly to MVB on behalf of One

3

Management by Heritage Title Agency on loans pertaining to the properties at (1) 15882 Blackstone, (2) 4885 Courville, (3) 9352 Hartwell, (4) 5028 Bedford, and (5) 5060 Three Mile Drive for which credit was purportedly not been provided. (*Id.*) Moreover, Defendants contend that after the commencement of this action, an additional $25,000 was paid to BBIII on the loan pertaining to the property at 2329 Danforth. Accordingly, Defendants contend that an issue of fact remains as to whether the judgment against Defendants should be $150,000 less than that which BBIII seeks.

Additionally, Watha disputes the authenticity of one of the twelve guarantees purportedly signed by Watha. (Defs.' Resp. at 6-7.) Watha contends that the signature on the guaranty related to the property at 15755 Patton is "incorrect." (*Id.* at Ex. 5, Watha Aff. ¶ 4.) Watha avers that "[t]he signature on that guaranty is not mine, nor do I know who executed that document. Further, I am not in possession of any executed guaranty on a loan for that property, nor do I believe that one was ever executed by me." (*Id.*)

## II. STANDARD

Under Federal Rule of Civil Procedure 56, summary judgment is proper when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). "In deciding a motion for summary judgment, the court must view the evidence in the light most favorable to the non-moving party, drawing all reasonable inferences in that party's favor." *Sagan v. United States*, 342 F.3d 493, 497 (6th Cir. 2003). "Where the moving party has carried its burden of showing that the pleadings, depositions, answers to interrogatories, admissions and affidavits in the record, construed favorably to the non-moving party, do

4

not raise a genuine issue of material fact for trial, entry of summary judgment is appropriate." *Gutierrez v. Lynch*, 826 F.2d 1534, 1536 (6th Cir. 1987) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986)).

The court does not weigh the evidence to determine the truth of the matter, but rather, to determine if the evidence produced creates a genuine issue for trial. *Sagan*, 342 F.3d at 497 (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986)). The moving party must first show the absence of a genuine issue of material fact. *Plant v. Morton Int'l, Inc.*, 212 F.3d 929, 934 (6th Cir. 2000) (citing *Celotex*, 477 U.S. at 323). The burden then shifts to the nonmoving party, who "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). He must put forth enough evidence to show that there exists a genuine issue to be decided at trial. *Plant*, 212 F.3d at 934 (citing *Anderson*, 477 U.S. at 256). Summary judgment is not appropriate when "the evidence presents a sufficient disagreement to require submission to a jury." *Anderson*, 477 U.S. at 251-52 (1986). The existence of a factual dispute alone does not, however, defeat a properly supported motion for summary judgment – the disputed factual issue must be material. *See id.* at 252 ("The judge's inquiry, therefore, unavoidably asks whether reasonable jurors could find by a preponderance of the evidence that the plaintiff is entitled to a verdict – 'whether there is [evidence] upon which a jury can properly proceed to find a verdict for the party producing it, upon whom the *onus* of proof is imposed.'" (alteration in original)(citation omitted)). A fact is "material" for purposes of summary judgment when proof of that fact would establish or refute an essential element of the claim or a defense advanced by either party. *Kendall*

*v. Hoover Co.*, 751 F.2d 171, 174 (6th Cir. 1984) (citation omitted).

## III. DISCUSSION

The facts in this case are largely undisputed. In support of its motion for summary judgment, BBIII presented sufficient factual and legal support establishing the existence of thirteen Notes executed by One Management which are in default, and that at least eleven of these are admittedly guaranteed by Watha. BBIII also presented sufficient support for its contention that, under the terms of the Notes, it is due interest, costs, and attorney fees. Defendants do not expressly contest these assertions, and the court finds that their silence indicates their admission of liability of these amounts. (1/26/09 Scheduling Order at 7 ("Any proffered fact in the movant's Statement of Material Facts that is not specifically contested will, for the purpose of the motion be deemed admitted.").) *See also* Fed. R. Civ. P. 56(e)(2) ("When a motion for summary judgment is properly made and supported, an opposing party may not rely merely on allegations or denials in its own pleading; rather, its response must--by affidavits or as otherwise provided in this rule--set out specific facts showing a genuine issue for trial. If the opposing party does not so respond, summary judgment should, if appropriate, be entered against that party. "). Accordingly, the only contested issues before the court relate to whether an issue of fact exists as to (1) whether BBIII has properly credited all of Defendants payments on the Notes and (2) whether Watha signed the guaranty pertaining to 15755 Patton.

### A. Proper Credit

As stated above, Defendants assert that payments of $25,000 each were paid directly to MVB on behalf of One Management by Heritage Title Agency on loans

pertaining to the properties at (1) 15882 Blackstone, (2) 4885 Courville, (3) 9352 Hartwell, (4) 5028 Bedford, and (5) 5060 Three Mile Drive for which credit has purportedly not been provided. (Defs.' Resp. at 4.) Defendants also contend that after the commencement of this action, an additional $25,000 was paid to BBIII on the loan pertaining to the property at 2329 Danforth. (*Id.*)

BBIII argues that where, as here, it has made its *prima facie* case entitling it to recovery on a promissory note, the burden shifts to Defendants to show any nonexistence, extinguishment, or variance in payment of the obligation. BBIII cites to *United States v. Petroff-Kline,* 557 F.3d 285 (6th Cir. 2009), which held:

> To recover on a promissory note the government must first make a prima facie showing that (1) the defendant signed it, (2) the government is the present owner or holder and (3) the note is in default (*United States v. MacDonald*, No. 93-1924, 1994 WL 194248, at *2 (6th Cir. May 16, 1994) (per curiam); United *States v. Lawrence, 276 F.*3d 193, 197 (5th Cir.2001)). For that purpose the government may introduce evidence of the note and a sworn transcript of the account or certificate of indebtedness (*United States v. Davis*, 28 Fed. Appx. 502, 503 (6th Cir. 2002)). Once such a prima facie case is established, defendant has the burden of proving the nonexistence, extinguishment or variance in payment of the obligation (*id.*).

*Id.* at 290.[1] Similarly, on summary judgment, when the moving party has set forth sufficient facts establishing that it is entitled to judgment as a matter of law, the burden then shifts to the nonmoving party, who "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co.*, 475

---

[1] *Petroff-Kline* involved federally guaranteed student loan, approved by a private bank, assigned to Sallie Mae, and then assigned back to the government. *Petroff-Kline,* 557 F.3d at 288-289. Similarly, here, the loans at issue were issued by MVB, which was subsequently placed in receivership under the FDIC. (*Id.*) The FDIC then assigned its right, title and interest to the loans and all related contracts to BBIII. (*See* Compl. ¶ 5; Pl.'s Mot. at Ex.1, Johnson Decl.)

U.S. at 586. Indeed, "[t]he failure to present any evidence to counter a well-supported motion for summary judgment alone is grounds for granting the motion." *Everson v. Leis*, 556 F.3d 484, 496 (6th Cir. 2009) (citing *Skousen v. Brighton High School*, 305 F.3d 520, 528 (6th Cir. 2002)).

Here, BBIII has set forth sufficient facts showing that, as of June 16, 2009, One Management owed BBIII $733,783.41 for principal, interest and other contractual charges, including $632,502.67 in outstanding principal and $102,325.53 in accrued interest. (Pl.'s Mot. at Ex. 1, Johnson Decl. ¶ 4.) Under Rule 56 as well as under *Petroff-Kline*, the burden then shifts to Defendants to show that this amount is incorrect or that there are additional amounts which are not credited to the balance owed.

The only evidence provided by Defendants, however, is an affidavit in which Watha avers "upon information and belief" that the six relevant $25,000 payments were not credited to the amount due.[2] BBIII argues, in response that Watha cannot rely on his statements made only "upon information and belief" but must proffer admissible evidence sufficient to create a triable issue regarding Defendants indebtedness. BBIII cites to a First Circuit case which rejected reliance on statements made "upon information and belief":

> Finally, the proposed amended answer asserts-based exclusively on "information and belief"-that ComFed failed to require the borrower to submit appraisals substantiating the 75% loan-to-collateral-value ratio required under the note, which allegedly placed Gold at undue risk under its unconditional loan guaranty. Not only does Gold point to no evidentiary basis for its "information and belief," it fails even to intimate that such evidence exists.

---

[2]As stated above, the relevant properties are 15882 Blackstone, 4885 Courville, 9352 Hartwell, 5028 Bedford, 5060 Three Mile, and 2329 Danforth.

*Resolution Trust Corp. v. Gold*, 30 F.3d 251, 253-54 (1st Cir. 1994). The court agrees that Defendants cannot merely rest on statements made upon information and belief. Indeed, under Federal Rule of Civil Procedure 56(e),

> A supporting or opposing affidavit must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant is competent to testify on the matters stated. If a paper or part of a paper is referred to in an affidavit, a sworn or certified copy must be attached to or served with the affidavit. The court may permit an affidavit to be supplemented or opposed by depositions, answers to interrogatories, or additional affidavits.

Fed. R. Civ. P. 56(e)(1)*; see also Alexander v. CareSource,* — F.3d —, 2009 WL 2475355, at *9 (6th Cir. Aug. 14, 2009) ("Rule 56(e) requires affidavits to be made on personal knowledge."). Here, BBIII has not proffered any admissible evidence which

creates a triable issue of fact related to the amount owed on the Notes.³ Accordingly, the court will grant Defendants summary judgment on this issue.

### B.  15755 Patton

With respect to one of the twelve guarantees purportedly signed by Watha, Watha contends that the signature on the guaranty related to the property at 15755 Patton is "incorrect."  (Defs.' Resp. at Ex. 5, Watha Aff. ¶ 4.)  The court finds that Watha has presented evidence sufficient to create a triable issue of fact with respect to whether Watha signed the guaranty related to the Note for the property 15755 Patton.

There is some authority in the Sixth Circuit for granting summary judgment even when a party disputes the signature on a promissory note.  In *Petroff-Kline*, the Sixth

---

³Attached to Defendants' response are various unauthenticated documents which are unexplained in Defendants response brief.  The Sixth Circuit has recently reiterated that

> It is also the basis of this court's repeated emphasis that unauthenticated documents do not meet the requirements of Rule 56(e). *Michigan Paytel Joint Venture v. City of Detroit*, 287 F.3d 527, 532 n. 5 (6th Cir. 2002); *see also Meals v. City of Memphis, Tenn.*, 493 F.3d 720, 728-29 (6th Cir. 2007); *Moore v. Holbrook*, 2 F.3d 697, 699 (6th Cir. 1993) ( "This court has ruled that documents submitted in support of a motion for summary judgment must satisfy the requirements of Rule 56(e); otherwise, they must be disregarded." (citing *Dole v. Elliott Travel & Tours, Inc.*, 942 F.2d 962, 968-69 (6th Cir. 1991), and *State Mutual Life Assurance Co. of America v. Deer Creek Park*, 612 F.2d 259, 264 (6th Cir. 1979))).

*Alexander,* — F.3d at —, 2009 WL 2475355, at *4.  Moreover, even if these documents were admissible, there is no corresponding explanation of how these documents refute BBIII's proffered facts in a way sufficient to create a triable issue for the jury.  While the documents are purported "evidence" that some form of payment may have been made by Heritage Title Agency to MVB they in no way explain how these payments may or may not affect the total indebtedness which BBIII has shown to be due by Defendants.

Circuit affirmed a grant of summary judgment when the defendant challenged the validity of the promissory notes at issue. *Petroff-Kline*, 557 F.3d at 291. In that case, however, the Sixth Circuit found that the defendant's challenge was "wholly disingenuous" in light of her previous testimony, in a bankruptcy proceeding, that she had reviewed the loan documents before signing them. *Id.* at 290. Further, the defendant in *Petroff-Kline* stated only that she did not "recognize" the notes containing the signature and insisted that the Government produce the original, rather than photocopied, promissory notes. *Id.* at 291. Under these facts, the Sixth Circuit found that the defendant failed to present a triable issue of fact with respect to the validity of the promissory notes. *Id.*

In this case, however, Watha does more than assert he does not "recognize" the signature on the relevant guaranty. He avers, under oath, that "[t]he signature on that guaranty is not mine, nor do I know who executed that document. Further, I am not in possession of any executed guaranty on a loan for that property, nor do I believe that one was ever executed by me." (Defs.' Resp. Ex. 5, Watha Aff. at ¶ 4.) Thus, Watha challenges more than the validity of the Note, he also challenges the authenticity of the signature and affirmatively states that he does not "believe" he executed a guaranty for that property. While Watha's credibility relative to this statement may be subject to challenge, summary judgment is not appropriate when "the evidence presents a sufficient disagreement to require submission to a jury." *Anderson*, 477 U.S. at 251-52 (1986). It is for the jury to determine Watha's credibility on this statement. *See United States v. Williams*, No. 04-73603, 2005 WL 1343389 (E.D. Mich. May 26, 2005) (Duggan, J.) (denying summary judgment for plaintiff, despite being "skeptical" of

defendant's assertion that he did not sign the promissory note at issue).  Accordingly, the court will grant BBIII's motion for summary judgment on all issues except the issue of whether Watha has signed a guaranty on the property at 15755 Patton.

### IV.  CONCLUSION

IT IS ORDERED Plaintiff's motion for summary judgment [Dkt. # 20] is GRANTED IN PART and DENIED IN PART.  Specifically, it is DENIED with respect to the issue of the authenticity of the guaranty on 15755 Patton.  It is GRANTED in all other respects.

IT IS FURTHER ORDERED that the August 26, 2009 hearing is CONVERTED into a status conference.

                                        S/Robert H. Cleland
                                        ROBERT H. CLELAND
                                        UNITED STATES DISTRICT JUDGE

Dated:  August 26, 2009

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, August 26, 2009, by electronic and/or ordinary mail.

                                        S/Lisa G. Wagner
                                        Case Manager and Deputy Clerk
                                        (313) 234-5522